UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC SCOTT HOLLIDAY, JR.,

    Plaintiff,

v.

Case No. 24-cv-10534
Honorable Linda V. Parker

STATEBRIDGE COMPANY, LLC and
ORLANS, P.C.,
,

    Defendants.
_____/

**<u>OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE PATTI'S FEBRUARY 20, 2025 REPORT AND RECOMMENDATION; (2) GRANTING DEFENDANT STATEBRIDGE COMPANY LLC'S MOTION TO DISMISS; (3) DENYING AS MOOT MOTIONS TO DISMISS "AMENDED COMPLAINT"; (4) SUA SPONTE DISMISSING PLAINTIFF'S CLAIMS AGAINST DEFENDANT ORLANS, P.C.; AND (5) DENYING PLAINTIFF'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION</u>**

On February 13, 2024, Plaintiff filed a Complaint against Defendants Statebridge Company, LLC ("Statebridge") and Orlans, P.C. in the Circuit Court for Oakland County, Michigan. (ECF No. 1-1.) The lawsuit arises from the foreclosure of Plaintiff's property in White Lake, Michigan. (*See id.*) Statebridge removed the action to federal court pursuant to 28 U.S.C. § 1331 on March 1, 2024. (ECF No. 1.) Orlans had not yet been properly served at the time, and still appears to have not been. The matter has been referred to Magistrate Judge Anthony P. Patti for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C.

1

§ 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 6.)

On March 18, 2024, Statebridge filed a motion to dismiss Plaintiff's Complaint. (ECF No. 5.) Plaintiff filed a response to the motion, which he also titled as an "Amended Complaint." (ECF No. 9.) The "Amended Complaint" named new parties: Mortgage 1 Incorporated National Cooperative Bank and LoanCare LLC. (*Id.*) Statebridge and LoanCare then filed motions to dismiss Plaintiff's "Amended Complaint." (ECF Nos. 11, 12.)

On February 20, 2025, Magistrate Judge Patti issued a report and recommendation ("R&R") in which he recommends that the motions to dismiss the "Amended Complaint" be denied as moot because the pleading was never properly filed, and that Statebridge's motion to dismiss the operative Complaint be granted.[1] (ECF No. 18.) Magistrate Judge Patti also recommends the *sua sponte* dismissal of Plaintiff's claims against Orlans for the reasons he recommends their dismissal as to Statebridge.

---

[1] Magistrate Judge Patti indicates that, even if he construed Plaintiff's filing as a motion to file the Amended Complaint, he would have denied the motion as futile for the reasons articulated by Statebridge and LoanCare in moving to dismiss that pleading. (*See* ECF No. 18 at PageID. 383 n.2.) The Court agrees with Magistrate Judge Patti's assessment and, for that reason, is not providing Plaintiff with an opportunity to properly move to file the amended pleading after entering this decision.

At the conclusion of the R&R, Magistrate Judge Patti informs the parties that they must file any objections to the R&R within fourteen days. (*Id.* at PageID. 393.) He further advises that the "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (*Id.*) Plaintiff moved for a twenty-eight day extension to object to the R&R (ECF No. 19), which this Court granted in part and denied in part (ECF No. 20). His deadline was extended to March 24. (*Id.*)

On March 24, Plaintiff filed his objections. (ECF No. 22.) He also filed an "Emergency Motion for Temporary Restraining Order and Preliminary Injunction." (ECF No. 21.)

**Standard of Review**

When objections are filed to a magistrate judge's report and recommendation on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## Analysis

Plaintiff first objects to the dismissal of his lawsuit without affording him the opportunity to conduct discovery. He indicates that he is seeking to obtain documentary evidence in Defendants' possession, such as the original note, mortgage, assignment chain, and custodial transfer records. As Magistrate Judge Patti correctly indicated, however, "a complaint should not be used [as] a *vehicle* for discovery in and of itself[.]" (ECF No. 18 at PageID. 389.) A complaint must contain sufficient facts to plausibly plead the claims alleged or it is subject to dismissal. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"). In fact, the Supreme Court has directed district courts to not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

Plaintiff next objects to Magistrate Judge Patti's conclusion that he lacks standing to bring any claims under the Real Estate Settlement Procedures Act ("RESPA") or the Fair Debt Collection Practices Act ("FDCPA") because he has alleged no injury in fact. Plaintiff asserts that he suffered the following harm: (a) the loss of his real property through the foreclosure by a party who had no recorded interest at the time of notice or sale; (b) a procedural due process violation by being evicted from the property without the opportunity to be heard; and (c) "[s]tatutory injuries under the Truth in Lending Act ("TILA"), RESPA, and the FDCPA.

Plaintiff, however, fails to connect these harms to any violations of RESPA or the FDCPA, as opposed to the foreclosure, itself. As Magistrate Judge Patti indicates in the R&R, Plaintiff does not specifically allege how Defendants violated these statutes and how *those violations* caused him harm. A statutory violation, by itself, does not demonstrate the concrete injury required to establish standing. *See Soehnlen v. Fleet Owners Ins. Fund*, 844 F.3d 576, 582 (6th Cir. 2016) (citing *Spokeo, Inc. v. Robins*, 578 U.S. 330, 342(2016)).

Although not specifically an objection to the R&R, Plaintiff asserts that he now has "new evidence" to support an amended complaint. Specifically, Plaintiff contends that "material new facts" will show a list of defects in the foreclosure process. He indicates that, concurrent with the filing of his objections, he is filing a motion for leave to amend and a proposed amended complaint. However, no additional filings were concurrently made. Nor have they been made as of today.

In any event, as Magistrate Judge Patti sets forth, once the statutory redemption period has expired, to state a viable challenge to a foreclosure by advertisement of property in Michigan, the plaintiff must make "a clear showing of fraud, or irregularity." *Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 335, 359 (6th Cir. 2013) (quoting *Schulties v. Barron*, 167 N.W.2d 784, 785 (Mich. 1969)); *see also id.* (quoting *Sweet Air Inv., Inc. v. Kenney*, 739 N.W.2d 656, 659 (Mich. Ct. App. 2007)) ("The Michigan Supreme Court has held that it would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside."). Moreover, not any

showing of fraud or irregularity will do. *Conlin*, 714 F.3d at 360 (citation omitted). Instead, "the misconduct must relate to the foreclosure procedure itself." *Id*. (quoting *El-Seblani v. IndyMac Mortg. Servs.*, 510 F. App'x 425, 429 (6th Cir. 2013)). This is a "high standard[.]" *Id.* at 360 (quoting *El-Seblani*, 510 F. App'x at 429).

The six-month statutory redemption period has expired with respect to Plaintiff's former Property in White Lake. Plaintiff, therefore, must make a "clear" or "strong" showing of fraud or irregularity in the foreclosure procedure itself. This standard is not met by the defects Plaintiff claims—e.g., foreclosure by National Cooperative Bank ("NCB") before it recorded its interest, "improper and fraudulent endorsements by . . . Mortgage 1, "securitization and custodial chain breaks." (ECF No. 22 at PageID. 407; ECF No. 11 at PageID. 214-15 n.6 (citing cases finding similar challenges insufficient to set aside a foreclosure judgment)); *see also Conlin*, 714 F.3d at 360-62 (discussing cases where defects were found insufficient and finding the plaintiff's challenge to the validity of the assignment insufficient, as well).

Lastly, although also not an objection to the R&R, Plaintiff indicates that a Michigan state court granted a Judgment of Possession to NCB on March 20, 2025. He, therefore, seeks to enjoin enforcement of that judgment. As indicated, he filed an emergency motion asking this Court to stay execution of the state court eviction.

However, to obtain injunctive relief, Plaintiff must demonstrate a strong or substantial likelihood of success on at least one of his claims. *See, e.g., Hall v. Edgewood Partners Ins. Ctr., Inc.*, 878 F.3d 524, 527 (6th Cir. 2017) (citations omitted). While this is but one of four factors to consider in deciding whether injunctive relief is

6

appropriate, the Sixth Circuit has "warn[ed] that a court must not issue a preliminary injunction where the movant presents no likelihood of merits success." *La.-Pac. Corp. v. James Hardie Bldg. Prods.*, 928 F.3d 514, 517 (6th Cir. 2019) (citing *S. Glazer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 849 (6th Cir. 2017)). For the reasons discussed by Magistrate Judge Patti in the R&R, and the reasons set forth here, Plaintiff cannot satisfy this critical factor.

## Conclusion

The Court is sympathetic to how difficult the foreclosure of Plaintiff's property and subsequent Judgment of Possession must be for Plaintiff and his family. Nevertheless, he fails to set forth viable objections to Magistrate Judge Patti's R&R or plead new facts to state viable claims against the parties he has named or seeks to name as Defendants. The Court, therefore, is adopting Magistrate Judge Patti's R&R and is denying Plaintiff's emergency motion for injunctive relief.

Accordingly,

**IT IS ORDERED** that Defendant Statebridge Company, LLC's motion to dismiss (ECF No. 5) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant Orlans, P.C. are *sua sponte* **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER ORDERED** that the motions to dismiss Plaintiff's "Amended Complaint" by Defendant Statebridge Company, LLC (ECF No. 11) and LoanCare, LLC (ECF No. 12) are **DENIED AS MOOT**;

**IT IS FURTHER ORDERED** that Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 21) is **DENIED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: March 27, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 27, 2025, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan  
Case Manager