UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC SCOTT HOLLIDAY, JR.,

    Plaintiff,

v.

Case No. 24-cv-10534
Honorable Linda V. Parker

STATEBRIDGE COMPANY, LLC and
ORLANS, P.C.,

    Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF NO. 25) AND AMENDED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER (ECF NO. 27)**

On March 27, 2025, the Court dismissed this lawsuit, in which Plaintiff challenges the foreclosure of his property in White Lake, Michigan. (ECF No. 23.) A Judgment was entered on the same date. (ECF No. 24.) On April 7, Plaintiff filed a motion for reconsideration, in which he also sought leave to file an amended complaint. (ECF No. 25.) On today's date, he filed an emergency motion for a temporary restraining order ("TRO"), indicating that his eviction from the property is scheduled for April 28. (ECF No. 27.)

### Standards of Review

Eastern District of Michigan Local Rule 7.1(h)(1) precludes motions for reconsideration of final orders or judgments. Instead, motions seeking relief from

1

a final order or judgment must be filed under Federal Rule of Civil Procedure 59(e) or 60(b).  E.D. Mich. LR 7.1(h)(1).

Motions to alter or amend judgment pursuant to Rule 59(e) may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice.  *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).  "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'"  *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008) (citing 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995)); *see also Mich. Flyer LLC v. Wayne Cnty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017) (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)) ("A motion under Rule 59(e) is not an opportunity to re-argue a case.").  "A motion to alter or reconsider a judgment is an extraordinary remedy and should be granted sparingly because of the interests in finality and conservation of scarce judicial resources."  *In re J & M Salupo Dev. Co.*, 388 B.R. 795, 805 (B.A.P. 6th Cir. 2008) (quoting *Am. Textile Mfrs. Inst., Inc. v. Limited Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1998)).

Rule 60(b) allows a court to relieve a party from a final judgment, order, or proceeding for a number of reasons:

2

>(1) mistake, inadvertence, surprise, or excusable neglect;
>
>(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>(4) the judgment is void;
>
>(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (internal quotation marks and citations omitted).

A court must consider four factors when deciding whether to issue a TRO: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent [an injunction]; (3) whether granting [the injunction] will cause substantial harm to others; and (4) whether the public interest would be served by [issuing the injunction]." *Northeast Coal. for the Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006) (citing *Summit Cnty. Democratic Cent. and Exec. Comm. v. Blackwell*, 388 F.3d 547, 550

3

(6th Cir. 2004); *Nader v. Blackwell*, 230 F.3d 833, 834 (6th Cir. 2000)). "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Id.* (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)). Nevertheless, to obtain injunctive relief, a plaintiff must demonstrate a strong or substantial likelihood of success on at least one of his claims. *See, e.g., Hall v. Edgewood Partners Ins. Ctr., Inc.*, 878 F.3d 524, 527 (6th Cir. 2017) (citations omitted). The Sixth Circuit has "warn[ed] that a court must not issue a preliminary injunction where the movant presents no likelihood of merits success." *La.-Pac. Corp. v. James Hardie Bldg. Prods.*, 928 F.3d 514, 517 (6th Cir. 2019) (citing *S. Glazer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 849 (6th Cir. 2017)).

## Analysis

Plaintiff asserts error due to the Court's adoption of Magistrate Judge Patti's Report and Recommendation ("R&R"), when Plaintiff had indicated in his objections that he was simultaneously moving to file an amended complaint. But, despite receiving an extension of time to file his objections to the R&R, Plaintiff did not file a separate motion for leave to file an amended complaint or his

4

proposed amended pleading by the time the Court adopted the R&R, nor did he even attach a proposed amended pleading to his objections.[1]

Plaintiff has attached a proposed amended complaint to his motion for reconsideration—although he again did not file a separate motion for leave to file the amended pleading. (*See* ECF No. 25 at PageID.430-43.) But even considering the allegations in this proposed amended pleading, Plaintiff still fails to make "a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting [the] foreclosure sale aside[,]" which was held in August 2023.[2] *Sweet Air Inv., Inc. v. Kenney*, 739 N.W.2d 656, 659 (Mich. Ct. App. 2007) (quotation marks and citations omitted); *see also Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 335, 359 (6th Cir. 2013) (quoting *Schulties v. Barron*, 167 N.W.2d 784, 785 (Mich.

---

[1] Plaintiff was aware of the need to file a separate motion for leave to amend. Magistrate Judge Patti specifically explained in the R&R that the Local Rules for the Eastern District of Michigan prohibit combining a motion to amend with another filing, such as Plaintiff's response to the motions to dismiss or his motion for reconsideration. (ECF No. 18 at PageID.381 (citing E.D. Mich. LR 7.1(i)).) Moreover, when seeking leave to file an amended complaint, the rules require that the movant attach a copy of the proposed pleading to the motion. E.D. Mich. LR. 15.1.

[2] Plaintiff challenges earlier foreclosure proceedings initiated by the Michigan State Housing Development Authority ("MSHDA"), which resulted in a sheriff's sale on April 26, 2022; however, that sale was subsequently voided and MSHDA is not named as a defendant in Plaintiff's operative or proposed pleadings. Although LoanCare, LLC, a previous servicer of the loan, is named in Plaintiff's proposed pleadings, Plaintiff fails to allege a concrete injury arising from that entity's alleged violations, particularly because the April 2022 sheriff's sale was voided.

5

1969)). The asserted fraud or irregularity must be in the foreclosure process, itself, and must have caused Plaintiff prejudice. *Kim v. JP Morgan Chase Bank, N.A.,* , 825 N.W.2d 329, 336 (Mich. 2012). To allege prejudice, Plaintiff must allege that he would have been in a better position to preserve his interest in the property were it not for Defendants' alleged noncompliance with the foreclosure statute. *Id.* He fails to make this showing.

 As this Court indicated in its prior decision adopting the R&R, the standard required to set aside a foreclosure sale is not met by the defects Plaintiff alleges (e.g., that National Cooperative Bank—which is not even named as a Defendant—allegedly began foreclosure proceedings after it was assigned the mortgage to the property but before the assignment was filed with the Oakland County Register of Deeds). (*See* ECF No. 23 at PageID.415.) This conclusion remains true even when Plaintiff's proposed amendments are considered. Not only does Plaintiff fail to allege fraud or defect in the foreclosure process itself, but he fails to allege that he would have been in a better position to preserve his interest in the property were it not for the misdeeds alleged. As such, Plaintiff does not demonstrate a concrete injury to support standing to assert his statutory claims. *See Soehnlen v. Fleet Owners Ins. Fund*, 844 F.3d 576, 582 (6th Cir. 2016) (citing *Spokeo, Inc. v. Robins*, 578 U.S. 330, 342(2016)) (providing that a statutory violation, by itself, does not demonstrate the concrete injury required to establish standing).

## Conclusion

For these reasons, the Court concludes that Plaintiff has not demonstrated that the Judgment should be altered or amended pursuant to Rule 59(e), or that he is entitled to relief from the Judgment pursuant to Rule 60(b).  To the extent Plaintiff seeks leave to file an amended complaint in his motion for reconsideration, such leave is denied because the request is procedurally improper, and the proposed amendment would be futile.  Plaintiff fails to demonstrate a strong or substantial likelihood of success on any of his claims.  Therefore, he is not entitled to injunctive relief.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration (ECF No. 25) is **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for an emergency TRO (ECF No. 27) is **DENIED**.

                                                       s/ Linda V. Parker  
                                                       LINDA V. PARKER  
                                                       U.S. DISTRICT JUDGE

Dated: April 25, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 25, 2025, by electronic and/or U.S. First Class mail.

                                                       s/Aaron Flanigan  
                                                       Case Manager